IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEE HUNT, as personal representative
of the Estate of Ronald Jay Posner,

    Plaintiff,

v.                                                                                 No. Civ. 15-960 SCY/WPL

LAWRENCE HAMM, et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Englander Transportation, Inc.'s Motion to Dismiss Improper Party. (ECF No. 7). The Court, having reviewed the motion, Plaintiff's initial complaint and first amended complaint, and otherwise being fully advised, will deny the motion as moot for the reasons set forth below.

### I. Background

On August 21, 2015, Plaintiff commenced this action in the First Judicial District Court for the State of New Mexico naming Englander Transportation, Inc. and Lawrence Hamm as Defendants. (ECF No. 1, Ex. A). Plaintiff's initial complaint for wrongful death and punitive damages alleged that the events giving rise to this action occurred on August 25, 2012, "when a truck owned by Defendant Englander [*Transportation*] and operated by Defendant Hamm was involved in a fatal crash that killed Ronald Jay Posner." (ECF No. 1, Ex. A ¶ 5) (emphasis added). Defendant Hamm removed the action to this Court on October 26, 2015. (ECF No. 1) Shortly thereafter, Defendant Hamm filed his answer in which he admitted that "a truck owned by Englander *Transport* and operated by Defendant Hamm was involved in a motor vehicle accident involving Ronald J. Posner" on August 25, 2012. (ECF No. 4, ¶ 4) (emphasis added).

1

On October 29, 2015, Englander Transportation filed a motion to dismiss alleging that it is improperly named as a defendant in this action. (ECF No. 7). In the motion, Englander Transportation argues primarily that the Court lacks personal jurisdiction because (1) it was not in existence on the date of the motor vehicle accident, (2) it did not employ Defendant Hamm or entrust him with a vehicle, and (3) it did not own the subject tractor or trailer involved in the accident. (*Id.* at 1-2). Plaintiff did not file a response to Englander Transportation's motion to dismiss. In lieu of filing a response, Plaintiff filed a first amended complaint on November 5, 2015, in which it removed Englander Transportation as a party and substituted Englander Transport, Inc. in its place as a named Defendant. (ECF No. 10).

## II.     Analysis

In order to determine the current status of Englander Transportation in this action, the Court must first consider whether Plaintiff's first amended complaint, which removes Englander Transportation as a party, was properly filed. Rule 15 of the Federal Rules of Civil Procedure allows a party to "amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Generally, "a party may make a Rule 15(a) amendment to add, substitute, or drop parties to the action." 6 Charles Alan Wright et. al, Fed. Prac. & Proc. § 1474 (3d ed.). Because Plaintiff filed the amended complaint within 21 days of service of Englander Transportation's motion to dismiss and service of Defendant Hamm's answer, the Court finds that Plaintiff was permitted to amend his complaint as a matter of course and did not require the Court's leave to do so.

Plaintiff's first amended complaint adds Englander Transport as the real party in interest and removes Englander Transportation as a party in this action. The Clerk's Office has already

terminated Englander Transportation as a party, effective November 5, 2015. Accordingly, the Court finds that Englander Transportation's motion to dismiss is moot because it is no longer a party in this matter.[1] The Court will therefore deny Englander Transportation's Motion to Dismiss Improper Party as moot.

   **IT IS SO ORDERED.**

*[signature: Steve Yarbrough]*
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Englander Transportation seeks to be dismissed from this lawsuit with prejudice. However, the Court has no legal basis upon which to consider dismissal of a non-party from this suit.