## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LEE HUNT, as personal representative
of the Estate of Ronald Jay Posner,

       Plaintiff,

v.                                   No. Civ. 15-960 SCY/WPL

LAWRENCE HAMM, et al.

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Englander Transport, Inc.'s Motion to

Dismiss (ECF No. 19) Plaintiff's wrongful death lawsuit. Defendant argues that Plaintiff's

claims are barred by the applicable statute of limitations. Plaintiff opposes the Motion (ECF No.

21), invoking Federal Rule of Civil Procedure 15(c)'s relation-back doctrine. Having reviewed

the Motion, Response, and Reply (ECF No. 27), and otherwise being fully advised, the Court has

decided to **DENY** the Motion for the reasons described below.

### I.      Background

Plaintiff's initial complaint for wrongful death and punitive damages alleged that the

events giving rise to this action occurred on August 25, 2012, "when a truck owned by

Defendant Englander [Transportation, Inc.] and operated by Defendant Hamm was involved in a

fatal crash that killed Ronald Jay Posner." (ECF No. 1, Ex. A ¶ 5). On August 21, 2015, four

days before the wrongful death statute of limitations expired, NMSA § 41-2-2, Plaintiff

commenced this action in the First Judicial District Court for the State of New Mexico naming

Englander Transportation, Inc. and Lawrence Hamm as Defendants. (ECF No. 1, Ex. A).

Defendant Hamm removed the action to this Court on October 26, 2015. (ECF No. 1). Shortly

thereafter, Defendant Hamm filed his answer in which he admitted that "a truck owned by Englander *Transport* and operated by Defendant Hamm was involved in a motor vehicle accident involving Ronald J. Posner." (ECF No. 4, ¶ 4) (emphasis added).

On October 29, 2015, Englander Transportation filed a motion to dismiss alleging that it was improperly named as a defendant in this action as it did not own the truck in question, did not employ Defendant Hamm, and was not even in existence on the date of the motor vehicle accident. (ECF No. 7). In lieu of filing a response, Plaintiff filed a first amended complaint on November 5, 2015, in which it removed Englander Transportation as a party and substituted Englander Transport, Inc. in its place as a named Defendant. (ECF No. 10). Plaintiff served Defendant Englander Transport with the amended complaint on November 10, 2015. (ECF No. 15).

## I.     Analysis

As a general principle, it is a well-settled that a federal court sitting in diversity jurisdiction "applies federal procedural law and state substantive law." *Jones v. UPS*, 674 F.3d 1187, 1203 (10th Cir. 2012). Here, Defendant Englander Transport seeks dismissal of Plaintiff's wrongful death claims under the three-year New Mexico statute of limitations. This is a substantive affirmative defense. *See Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005) ("A federal court sitting in diversity applies state law for statute of limitations purposes."); *Aldrich v. McCulloch Properties*, 627 F.2d 1036, 1041 (10th Cir. 1980) (the statute of limitations is an affirmative defense). Because the relevant facts are undisputed, the Court must grant Defendant's Motion if "the dates given in the Complaint make clear that the right sued upon has been extinguished." *Aldrich*, 627 F.2d at 1041; *see also Glaser v. City &*

*County of Denver*, 557 F. App'x 689, 698 (10th Cir. 2014) ("[A] statute of limitations question may be appropriately resolved on a motion to dismiss.").

The answer to this question depends on a proper application of the relation-back doctrine. Plaintiff acknowledges that Defendant Englander Transport was not named as a Defendant in this lawsuit until after the wrongful death statute of limitations expired. Normally, this would necessitate a finding that Plaintiff's claims against Defendant Englander Transport are time-barred. Plaintiff maintains, however, that the amended complaint naming Defendant Englander Transport "relates back" to the timely-filed original complaint under Federal Rule of Civil Procedure 15(c) and should be treated as it if was filed on August 21, 2015 within the statute of limitations. In other words, Plaintiff contends that the relation-back doctrine erases any potential ill-effects of the failure to properly name Defendant Englander Transport in the original complaint. Defendant disagrees; it argues that state, not federal law controls and that the New Mexico relation-back doctrine does not apply under the facts of this case.

### A.  Choice-of-Law

Both sides present reasonable, but contrary arguments regarding whether federal or state law governs the potential relation-back of Plaintiff's amended complaint. Defendant argues that the relation-back doctrine is a matter of substantive law because it has a direct bearing on the functioning of a state's statute of limitations. ECF No. 27 at 1-2. In cases where the relation-back doctrine applies, the filing of an earlier complaint is treated as the commencement of the lawsuit for statute of limitations purposes, effectively enlarging the statute of limitations period. This has clear substantive implications. *See Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. Kan. 2005) ("[S]tate law determines when an action is commenced for statute of limitations purposes."). Normally, the right to maintain a state law cause of action in federal

court is coextensive with the right to maintain the action in state court. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 746 (1980) (a federal court cannot give a state law cause of action "longer life" than it would have enjoyed in state court).

However, as Plaintiff points out, Defendant's arguments have not found purchase with the majority of courts. The First, Fourth, Fifth, Eighth and Ninth Circuits have all held that the relation-back provisions of Federal Rule of Civil Procedure 15, which possess a procedural character, are applicable in diversity actions. *See Morel v. Daimler-Chrysler AG*, 565 F.3d 20, 25 (1st Cir. 2009) ("Rule 15(c) applies in a diversity case notwithstanding the incidence of a more restrictive state rule."); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 611 (4th Cir. 1980) (applying Rule 15(c) in the face of a contrary state rule); *Johansen v. E. I. Du Pont de Nemours & Co.*, 810 F.2d 1377, 1380 (5th Cir. 1987) ("Rule 15(c) is a truly procedural rule . . ."); *Brown v. E.W. Bliss Co.*, 818 F.2d 1405, 1409 (8th Cir. Mo. 1987) (same); *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 735-736 (9th Cir. 1988) ("Rule 15 allows relation back even when the original claim is itself  time barred" by the state statute of limitations). In reaching this conclusion, the circuit courts have been strongly influenced by the Supreme Court's admonition that:

> When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided *Erie* choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.

*Hanna v. Plumer*, 380 U.S. 460, 471 (1965). Unfortunately, the Tenth Circuit Court of Appeals has not resolved whether this standard mandates the application of Rule 15(c) in diversity cases. Although numerous Tenth Circuit cases have applied Rule 15(c) relation-back principles to diversity-based claims, these cases largely appear to have been driven by the presentation of the

parties (*i.e.* in these cases, it is not clear that the parties disagreed about the controlling nature of Rule 15 so the choice-of-law issue was not squarely and unavoidably before the court). *See Burnham*, 403 F.3d at 715 (citing Rule 15(c) rather than equivalent state law rule when addressing relation-back argument in diversity lawsuit); *Prince Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 1226-1227 (10th Cir. 1991) (same); *Farner v. Firema's Fund Ins. Co.*, 748 F.2d 551, 553 (10th Cir. 1984) (same). In fact, in 2013, the Tenth Circuit indicated that the preeminence of Rule 15(c) was still an open question. *Dale K. Barker Co., P.C. v. Plaza*, 541 F. App'x 810, 814 (10th Cir. 2013) (noting that there "may be considerable uncertainty whether a federal court sitting in diversity jurisdiction is free to apply the relation-back principle embodied in Rule 15(c) instead of a conflicting state rule on the subject") (internal citation omitted). Luckily, this Court need not resolve this dispute, because the outcome of the case is the same whether state or federal law controls; under both Federal Rule of Civil Procedure 15(c) and New Mexico Rule of Civil Procedure 01-015(C), Plaintiff is entitled to take advantage of the relation-back doctrine.

## B. *Federal Rule of Civil Procedure 15*

Under Federal Rule of Civil Procedure 15(c), an amended complaint relates back to the date of the original pleading in three circumstances, including whenever:

> the amendment changes the party or the naming of the party against whom a claim is asserted, if [the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading] and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1)(C). Defendant does not deny that Plaintiff's amended complaint falls within the purview of this rule. The amended complaint sets forth the same facts and claims as the original complaint with only one minor correction – the amended complaint contains the correct name of Defendant Hamm's employer (Englander Transport, Inc. rather than Englander Transportation, Inc.). *Compare* ECF No. 1, Ex. A *with* ECF No. 10. Plaintiff served Defendant Englander Transport with a copy of the amended complaint within the time period for serving the original summons and complaint.[1] Thus, it is clear that Defendant Englander Transport received adequate, non-prejudicial notice that an action would be brought against it within the required time period.

### C. New Mexico Relation-Back Doctrine

The New Mexico Rule governing the relation-back of amended complaints contains the same basic requirements as Fed. R. Civ. P. 15(c):

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:
>
> > (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
> >
> > (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Rule 1-015(C) NMRA. The New Mexico Court of Appeals has interpreted notice deadline – the "period provided by law for commencing the action" – as including a reasonable period for service of process. *Romero v. Bachicha*, 2001-NMCA-048, ¶¶ 16-18, 130 N.M. 610, 615

---

[1] At the time the original and amended complaints were filed, Federal Rule of Civil Procedure 4(m) allowed 120 days for service to be effectuated (the Rule was amended, effective December 1, 2015, to shorten the service period to 90 days). Plaintiff's service was timely under Rule 15(c) – he filed the original complaint on August 21, 2015 and served Defendant Englander Transport with the amended complaint on November 10, 2015, 81 days later.

("[N]otice under Rule 1-015(C) must be given within the time for service of process under Rule 1-004(F)."); *see also Amica Mut. Ins. Co. v. McRostie*, 2006-NMCA-046, ¶ 24, 139 N.M. 486, 492 (*Romero* held that Rule 1-015(C) requires notice of the lawsuit "within the statute of limitations period, which include[s] the time for service of process"). Thus, while the language differs from the federal rule, the meaning of the rule remains constant. When a plaintiff fixes a misnomer by substituting a different defendant in an amended complaint, the amended complaint will relate back to the original complaint as long as the new defendant received the proper notice of the lawsuit before the statute of limitations plus the service period has expired. For the reasons already discussed, Plaintiff has satisfied these requirements.[2]

In an attempt to avoid this conclusion Defendant argues that *Romero*'s discussion of the Rule 1-015(C) notice period is dicta that does not accord with other New Mexico case law. ECF No. 27 at 5. The *Romero* holding, however, cannot be fairly characterized as "dicta." In *Romero*, as in this case, the plaintiff mistakenly named the wrong defendant (Frank Bachicha as opposed to Paul Bachicha) in the original complaint. *Romero*, 2001-NMCA-048, ¶ 3. Sometime after the mistake was caught, the plaintiff filed an amended complaint correcting the error and substituting the appropriate defendant. *Id.* ¶ 4. Because the amended complaint was not filed or served on the correct defendant until after the statute of limitations had passed, the Court of Appeals held that the plaintiff bore the burden of demonstrating compliance with the notice requirements of Rule 1-015(C). *Id.* ¶¶ 11, 14. In determining whether plaintiff satisfied these requirements, the Court first addressed how to calculate the notice deadline under Rule 1-015(C). The Court explained

---

[2]  Unlike the Federal Rules of Civil Procedure, which establish a specific time limit for service of process, the New Mexico service of process rule only provides that service "shall be made with reasonable diligence." Rule 1-004(C)(2) NMRA. Plaintiff maintains that service within 81 days constitutes reasonable diligence under New Mexico law. Defendant does not dispute this assertion. Consequently, for the purposes of this motion, the Court finds that service was effectuated on Defendant Englander Transport within a reasonable time period from the filing of the original complaint.

that the defendant read Rule 1-015(C)'s requirement that notice occur within the "period provided by law for commencing the action" as a requirement that the defendant "be notified of the institution of an action prior to the expiration of the applicable statute of limitations." *Id.* ¶ 15. To the contrary, the plaintiff contended "that the time for commencing an action includes the statute of limitations period plus the time within which service may be made with reasonable diligence." *Id.* The Court of Appeals adopted the plaintiff's interpretation. As it explained:

> The basic rule in New Mexico is that all parties to an action must be actually or constructively served within a period of time that includes the statute of limitations period plus a reasonable time for service of process. This time period applies regardless of whether a party is named in an original or an amended complaint.

*Id.* ¶ 17. Having reached this result, the Court applied the above rule and found that defendant did not receive notice within this period. *Id.* ¶ 25 (concluding that plaintiff did not adequately notify defendant of the lawsuit within the period for commencing the action because plaintiff "failed to exercise due diligence in serving the amended complaint").

As this analysis clearly demonstrates, *Romero's* interpretation of the time requirement of Rule 1-015(C) was integral to its result. This is not a case where the court "strayed into dicta by addressing an issue that was not squarely before [it], was not challenged by the parties, and was not necessary for decision in the case." *State v. Sims*, 2010-NMSC-027, ¶ 20, 148 N.M. 330, 336-337. Defendant points out that the outcome in *Romero* would have been the same even if the Court of Appeals had concluded that notice must be effectuated within the statute of limitations in order to satisfy Rule 1-015(C). (Since notice was ultimately determined to be untimely under the more forgiving statute of limitations plus service deadline that the Court of Appeals adopted, it clearly would have been untimely under a shorter and firmer statute of limitations deadline). This does not, however, transform the Court's holding into dicta. *See Seminole Tribe v. Fla.*, 517 U.S. 44, 67 (1996) (discussing dicta and explaining that "[w]hen an opinion issues for the Court,

it is not only the result but also those portions of the opinion necessary to that result by which we are bound."). Yes, the New Mexico Court of Appeals could have avoided issuing a decision about the notice deadline. But, it chose not to follow this route. Instead, it addressed the issue head-on and relied on its resolution of this dispute to reach a final determination. In other words, as written, *Romero's* proclamation that the Rule 1-015 notice period includes a reasonable time for service is necessary to the result. It is not dicta that can be insouciantly disregarded.

Defendant's other attempts to cast *Romero* as bad law are also unpersuasive. Like the defendant in *Romero*, Defendant maintains that the notice provisions of Rule 1-015(C) must be met within the statute of limitations period. Defendant argues that while New Mexico courts have sometimes extended this period to include additional time for service of process, such extensions are only permitted where there is an identity of interest between the original misnamed defendant and the substituted defendant. ECF No. 27 at 4-5. Defendant's reading of New Mexico case law, however, is outdated and distorted. As Defendant points out, in 1983, the New Mexico Supreme Court first considered what Rule 1-015(C) meant when it said that notice must occur "within the period provided by law for commencing the action." *Galion v. Conmaco Int'l, Inc.*, 1983-NMSC-006, ¶ 4, 99 N.M. 403, 405. Based on a review of current case law, the Supreme Court found that "[t]he majority of courts which have considered the issue have held that the defendant must have received notice prior to the expiration of the limitations period." *Id.* ¶ 5. Nevertheless, it opined that this rule was "unjustified in jurisdictions" like New Mexico "where timely service of process can be effected after the statute of limitations has run." *Id.* ¶ 6. The reasons for this are clear:

> In those jurisdictions, even an accurately named defendant may not receive actual notice of the action against him prior to the running of the statute of limitations. Yet there is no doubt that the action against him is timely commenced. There is no reason why a

> misnamed defendant is entitled to earlier notice than he would have received had the
> complaint named him correctly.

*Id.* (citing *Ingram v. Kumar*, 585 F.2d 566, 571 (2d Cir. 1978)). In other words, allowing a

relation-back grace period during the service of process period is preferable because it prevents a

defendant from claiming a windfall when a plaintiff makes a mistake in the original complaint,

but corrects this mistake before any delay in service occurs.

 Unfortunately, *Galion* also sowed the seeds for confusion about the scope of this ruling.

Consistent with the above reasoning, in *Galion*, the Supreme Court initially stated without any

qualification that it "agree[d] with those courts which have held that the period in which notice

must be received includes the reasonable time allowed under the rules of civil procedure for

service of process." *Id.* ¶ 6. It went on, however, to note that the above "interpretation of Rule

15(c) allows an amendment to relate back to the filing of the action only when there is such an

identity of interest between the old and new defendants that relation back is not prejudicial to the

party to be added." *Id.* ¶ 7. It reiterated this potential limitation in its statement of the case-

specific holding: "Where a parent company and its subsidiary have such identity of interest, Rule

15(c) permits relation back of an amendment to the complaint to substitute defendants as long as

service of process was effected within the reasonable time allowed under the rules of civil

procedure even though the limitations period had expired." *Id.* ¶¶ 10, 12.

 Given these limiting statements, Defendant is correct that *Galion* does not unassailably

support Plaintiff's more lenient interpretation of Rule 1-015(C). Time, however, progresses and

*Galion* is not the final and fixed statement of New Mexico law. As already discussed in some

detail, in *Romero*, the Court of Appeals held that "the time for commencing the action under

Rule 1-015(C) includes the time for service of process under Rule 1-004(F)." *Romero*, 2001-

NMCA-048, ¶ 15. In so doing, the Court of Appeals resolved any lingering confusion about the

proper scope of *Galion's* Rule 1-015(C) interpretation.[3] Defendant's refusal to acknowledge this legal development does not tie the Court's hands. *Romero* constitutes on-point, valid precedent that this Court is bound to follow in the absence of evidence that the New Mexico Supreme Court would rule differently. *See Daitom, Inc. v. Pennwalt Corp.*, 741 F.2d 1569, 1574 (10th Cir. 1984) (the task of a court sitting in diversity is to predict how the state's highest court would rule; in making this prediction, a federal court must "follow any intermediate state court decision unless other authority convinces [it] that the state supreme court would decide otherwise").

Here, the Court is not convinced that the New Mexico Supreme Court would overturn *Romero*. *Galion's* underlying reasoning strongly supports *Romero's* determination that the Rule 1-015(C) notice period *always* includes reasonable time for service. As both *Galion* and *Romero* recognized, the proposed interpretation of Rule 1-015(C) that Defendant promotes would result in the imposition of a stricter notice requirement than the normal rules, which allow for service after the expiration of the statute of limitations. This is an odd result that is not consistent with Rule 1-015(C)'s purpose. *See Galion*, 1983-NMSC-006, ¶ 6 ("There is no reason why a misnamed defendant is entitled to earlier notice than he would have received had the complaint named him correctly."). Moreover, the other cases Defendant cites – *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2008-NMCA-153, 145 N.M. 328 and *Snow v. Warren Power & Mach., Inc.*, 2015-NMSC-026, 354 P.3d 1285 – do not purport to repudiate *Romero* or reinstate the "identity of interest" limitation articulated in *Galion*.[4]

---

[3] While *Romero's* holding is unequivocal and clear on its face, it is also worth noting that *Romero* treated the identity of interest doctrine, which allows a court to impute notice to a substituted defendant as of the date notice was provided to a related entity, as a separate issue from the length of the notice period under Rule 1-015(C). *Romero*, 2001-NMCA-048, ¶ 16.

[4] Defendant also cites *Prieto v. Home Educ. Livelihood Program*, 1980-NMCA-114, ¶ 12, 94 N.M. 738, 742. This is an inapposite case that does not involve Rule 1-015 or the New Mexico relation-back doctrine.

In *Capco*, a district court allowed the plaintiffs to amend their complaint at the close of trial to add, as a new defendant, the parent company of the existing defendants. Citing *Galion*, the plaintiffs argued that the amendment was valid under Rule 1-015(C), despite the lack of timely non-prejudicial notice, because the parent company had an identity of interest with the subsidiaries. The Court of Appeals rejected this argument as a gross misreading of *Galion*:

> [O]ur holding in Galion was not that a plaintiff may at any time add a defendant who has a substantial identity of interest with a previously named defendant.

The Court then restated *Galion's* case-specific holding. In no way did it indicate that *Romero* was not good law. Nor did it issue any opinion about the issue facing this Court: whether it is proper to include the service period within Rule 1-015(C)'s notice period. Consequently, *Capco* has minimal value in guiding the present analysis. Similar reasoning applies to *Snow*, 2015-NMSC-026, a case that did not involve, let alone discuss the meaning of Rule 1-015(C)'s notice cutoff.[5]

Admittedly, Defendant has identified two cases – *Romero v. Ole Tires, Inc.*, 1984-NMCA-092, 101 N.M. 759[6] and *Snow v. Warren Power & Mach., Inc.*, 2014-NMCA-054, 326 P.3d 33 – where the New Mexico Court of Appeals applied Rule 1-015(C) as if the notice deadline expired with the statute of limitations.[7] Again, however, Defendant relies on cases that do not address the specific issue facing this Court: whether it is proper to include the service

---

[5] Defendant claims that the Supreme Court in *Snow* "acknowledged the *Capco* limitation on *Galion*." ECF No. 27 at 6. The Court disagrees. In *Snow*, the Supreme Court only cites *Capco* for the following unexceptional proposition: "Rule 1-015(C) . . . provides a remedy when a plaintiff fails to name a defendant prior to the expiration of time allowed under the statute of limitations. The rationale behind allowing an amendment to relate back is that the statute of limitations should not be used mechanically to prevent adjudication of a claim where the real parties in interest were sufficiently alerted to the proceedings or were involved in them unofficially from an early stage." *Snow*, 2015-NMSC-026, ¶¶ 18-20. *Snow* does not talk about the supposed "identity of interest" limitation; nor does it cite or discuss *Galion* or *Romero*.

[6] To avoid confusion with *Romero v. Bachicha* (referred to throughout this opinion as "*Romero*") the Court will refer to *Romero v. Ole Tires, Inc.* as "*Ole Tires*".

[7] There is some reason to doubt the validity of *Snow*, 2014-NMCA-054, whose outcome was reversed on appeal. While the Supreme Court in *Snow* did not address whether the Court of Appeal's properly calculated the Rule 1-015(C) notice deadline, it effectively vacated the Court of Appeal's holding regarding this issue when it found that Rule 1-015(C) simply did not apply at all under the facts of the case. *Snow*, 2015-NMSC-026, ¶¶ 21-23.

period within Rule 1-015(C)'s notice period. Rather than seeking to amend a complaint to assert the correct name of a defendant, the plaintiffs in *Ole Tires* and *Snow* sought to add an additional defendant to the lawsuit. *See Romero v. Ole Tires, Inc.*, 1984-NMCA-092, 101 N.M. 759, 762, 688 P.2d 1263, 1266 ("This is not a case of misnomer . . .. Rather, the situation appears to be one in which, lacking information that might have been discovered, a party did not plead a potential claim."); *Snow v. Warren Power & Mach., Inc.*, 2014-NMCA-054, 326 P.3d 33, 38-39, rev'd, 2015-NMSC-026, 354 P.3d 1285 ("Here, there was no attempt to assert that a mistake was made concerning the identity of Warren CAT and its relationship to the equipment involved in the accident.").[8]

Notably, neither of these cases contains any discussion of *Gailon* or its indication that the Rule 1-015(C) statement about the period "for commencing the action" should be read to include a service period (at least in certain circumstances). Furthermore, neither case considers and rejects the *Romero* analysis. Nevertheless, Defendant argues that these cases are a better benchmark of New Mexico law and provide a solid foundation for ignoring *Romero*. The Court rejects this argument given that neither case actually analyzed the legal issue *Romero* ostensibly resolved. This Court is tasked with applying New Mexico law as would the New Mexico Supreme Court. For the reasons already discussed, the Court finds that the Supreme Court would follow *Romero* – a valid, on-point, well-reasoned case, interpreting the language in question.

Under *Romero*, Plaintiff served Defendant with the amended complaint (which asserted claims against it) within the Rule 1-015(C) time frame for: (1) providing "such notice of the

---

[8] *Snow* also involved an additional defendant who never received notice and so could not be added pursuant to Rule 15(c). *Snow v. Warren Power & Mach., Inc.*, 2014-NMCA-054, 326 P.3d 33, 38, rev'd, 2015-NMSC-026, 354 P.3d 1285 ("[W]e reject Plaintiffs' contention that Defendants received notice of the lawsuit when they became aware of the accident and resulting injury.").

institution of the action that [the defendant] will not be prejudiced in maintaining [its] defense on the merits" and (2) ensuring that the defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [it]." Rule 1-015(C) NMRA. The Court agrees with Plaintiff that this satisfied both of the Rule 1-015(C) notification criteria. Receiving the amended complaint naming it as a defendant (1) put Defendant Englander Transport on notice of its need to defend itself in the lawsuit and (2) made clear that Defendant Englander Transport would have been named in the original complaint but for the existence of a filing mistake.

Despite these undeniable facts, Defendant maintains that Rule 1-015(C) does not allow relation-back of the amended complaint because doing so would result in unfair prejudice to Defendant. Specifically, Defendant maintains that:

> [Its] ability to guard against fading witness memories has been limited. Further, Defendant Transport is no longer operating and has limited access to corporate documents. As a result, Defendant Transport has lost track of its former employees who may be needed as witnesses.

ECF No. 27 at 11. Defendant does not deny that the closure of its business occurred "midway through the statutory period" but argues that this is irrelevant because the purpose of the statute of limitations is to protect it from stale claims generally. *Id.* Defendant does not cite any Rule 1-015(C) case law to support its contention and its arguments are based on a misunderstanding of Rule 1-015(C). Rule 1-015(C) does not direct the court to engage in a balancing analysis to determine if the delay in naming the proper defendant resulted in additional prejudice to defendant. All Rule 1-015(C) requires is that, within a certain specified period, the defendant receive sufficient notice of the lawsuit to prevent prejudice marshaling a defense. Here, Defendant received notice that it was being sued within the required period. There can be no question that this notice was sufficient to ward off prejudice. Moreover, the prejudice Defendant

identifies is not attributable to Plaintiff's delay in naming Defendant in this lawsuit. This delay did not result in Defendant being served outside the service period. As a result, Defendant received the same notice it would have been entitled to in the absence of an error. Refusing to allow Plaintiff's claim to proceed would simply result in an unjustified windfall to Defendant.

**IT IS THEREFORE ORDERED** that Defendant Englander Transport, Inc.'s Motion to Dismiss (ECF No. 19) is **DENIED**.

UNITED STATES MAGISTRATE JUDGE