## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LEE HUNT, as personal representative
of the Estate of Ronald Jay Posner,

     Plaintiff,

v.                                            No. Civ. 15-960 SCY/WPL

LAWRENCE HAMM, et al.,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Englander Transport, Inc.'s Second

Motion to Dismiss (ECF No. 29). In this Motion, Defendant Englander Transport asks the Court

to dismiss the claims Plaintiff asserts against it for failing to state a claim upon which relief may

be granted. Plaintiff maintains that the Court must deny this motion as a successive motion to

dismiss that is barred by Federal Rule of Civil Procedure 12(g). ECF No. 34. In the alternative,

Plaintiff argues that he has adequately alleged negligence claims against Defendant Englander

Transport. The Court agrees that Defendant's Motion is procedurally barred and will **deny** the

Motion on this ground.

### I.       Procedural History

On August 21, 2015, Plaintiff commenced this wrongful death action in the First Judicial

District Court for the State of New Mexico alleging that Defendant Lawrence Hamm was driving

a truck owned by his employer Defendant Englander Transportation, Inc. when he rear-ended

and killed Ronald Jay Posner. ECF No. 1, Ex. A. On October 26, 2015, Defendant Hamm

removed the action to this Court (ECF No. 1) and filed an answer clarifying that his employer

1

was actually named Englander Transport, Inc. (ECF No. 4, ¶ 4). Consistent with this representation, Defendant Englander Transportation, Inc. filed a motion to dismiss the claims against it. ECF No. 7. In lieu of filing a response to this motion, Plaintiff amended its complaint to remove Englander Transportation as a defendant and substitute Englander Transport. ECF No. 10. Plaintiff served Defendant Englander Transport with the amended complaint on November 10, 2015. ECF No. 15.

Two weeks later, on November 24, 2015, instead of filing an answer, Defendant Englander Transport filed a motion to dismiss (ECF No. 19) arguing that the claims against it are time-barred by the applicable statute of limitations. That same day, Defendant Hamm[1] also filed a motion to dismiss (ECF No. 18) in which he sought dismissal of the negligence claims asserted against him under Federal Rules of Civil Procedures 11 and 12(c). On January 21, 2016, after Defendant Englander Transport's statute of limitations motion was fully briefed, Defendant Englander Transport filed his second motion to dismiss. ECF No. 29. On the first page of this motion, Defendant Englander Transport states that it is joining in Defendant Hamm's motion to dismiss. *Id.* at 1. Additionally, in this motion, like Defendant Hamm, Defendant Englander Transport argues that Plaintiff's negligence claims are inadequately pled.

## II.    Discussion

Plaintiff initially argues that Defendant's second motion to dismiss must be denied because it is a successive motion to dismiss that is barred by Federal Rule of Civil Procedure 12(g). *See* ECF No. 34 at 3-6. Federal Rule of Civil Procedure 12(g) places strict limitations on the filing of successive Rule 12 motions to dismiss, stating that: "*Except as provided in Rule 12(h)(2) or (3)*, a party that makes a motion under this rule must not make another motion under

---

[1] Defendant Englander Transport, Inc., Englander Transportation, Inc., and Lawrence Hamm are all represented in this lawsuit by the same counsel.

this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2) (emphasis added).[2] In response, Defendant argues that Rule 12(h)(2) exempts its second motion to dismiss from the Rule 12(g)(2) consolidation requirement, which would otherwise bar the motion as an attempt to raise defenses that Defendant could have, but failed to raise in its first motion to dismiss. In relevant part, Rule 12(h)(2) provides that:

> Failure to state a claim upon which relief can be granted . . . may be raised:
> (A) in any pleading allowed or ordered under Rule 7(a);
> (B) by a motion under Rule 12(c); or
> (C) at trial.

FED. R. CIV. P. 12(h)(2). This Rule 12(h)(2) exception allows a defendant to raise a failure to state a claim defense in a Rule 12(c) motion for judgment on the pleadings even in cases where the defendant failed to raise the defense in an earlier 12(b)(6) or 12(c) motion. However, Defendant's second motion to dismiss does not qualify as a Rule 12(c) motion for judgment on the pleadings, which can only be brought "[a]fter the pleadings are closed." FED. R. CIV. P. 12(c). Because Defendant has yet to file an answer, its second motion to dismiss is a successive 12(b)(6) motion. Rule 12(h)(2) does not list 12(b)(6) motions among the exceptions to Rule 12(g)(2)'s consolidation requirements and, therefore, the plain language of Rule 12(g)(2) forbids Defendant Englander Transport from filing the current motion to dismiss.

The Court acknowledges that some courts have refused to apply Rule 12(g)(2) in this manner on grounds that "a hyper-technical application of Rule 12(g)(2) would undermine the efficient resolution of disputes promoted by the Federal Rules." *See Albers v. Bd. of County*

---

[2] Federal Rule of Civil Procedure 12(g)(1) states: "*Right to Join*. A motion under this rule may be joined with any other motion allowed by this rule." Defendant argues that this provision allows it to join its second motion to dismiss with the first motion to dismiss, which was filed roughly two months earlier. ECF No. 37 at 3. Defendant does not, however, cite to any authority to support such a proposition. Nor is this the most logical reading of Rule 12(g)(1). Rule 12(g)(2) clearly prohibits the filing of successive motions with certain limited exceptions. A defendant may not avoid this prohibition by claiming to join successive motions together.

*Comm'rs*, 771 F.3d 697, 702 (10th Cir. 2014) (contrasting different approaches courts have taken to this issue). These Courts, and Defendant Englander Transport, have a valid argument: rejecting a defendant's motion to dismiss under Rule 12(b)(6) only to have that same defendant later file the same motion to dismiss under Rule 12(c) is inefficient. But valid reasons for this result also exist. For instance, defendants who realize that successive pre-answer motions to dismiss will not be permitted will be encouraged to file an "omnibus pre-answer motion in which the defendant advances every available Rule 12 defense and objection he may have that is assertable by motion." *See Albers*, 771 F.3d 697, 702 (discussing purpose behind Rule 12(g)(2) and quoting Alan Wright & Arthur R. Miller, *5C Federal Practice & Procedure § 1384*, (3d ed. 2014)). Further, in a district like this one where, as a matter of practice the filing of the answer normally triggers the commencement of the discovery process, the filing of successive pre-answer 12(b)(6) motions delays the progress of a case. Thus, a counter-argument exists that Rule 12(g) strikes a balance between efficiency and a preference for resolving cases on the merits by disallowing successive 12(b)(6) motions, but permitting defendants to raise failure to state a claim defenses once an answer is filed.

Although the Tenth Circuit in *Albers* noted that "district courts have struggled with the question of whether a party may raise a previously available argument in a successive motion to dismiss for failure to state a claim under Rule 12(b)(6) before first filing a responsive pleading[,]" it ultimately "decline[d] to decide whether the district court's consideration of the [defendant's] [successive motion] was in error because any technical violation of Rule 12 did not affect the substantive rights of the parties." *Id.* at 704. Nonetheless, the Tenth Circuit's criticism of a Seventh Circuit decision to disregard the plain language of Rule 12(g)(2) indicates that the Tenth Circuit would find that Rules 12(g)(2) and 12(h)(2) mean what they say, even if their strict

application might sometimes lead to minor inefficiencies. *Id.* at 703. Specifically, in commenting

on *Ennenga v. Starns*, 677 F.3d 766 (7th Cir. 2012), where the Seventh Circuit ruled that

12(g)(2) does not apply to successive 12(b)(6) motions, the Tenth Circuit stated that:

> the court's reasoning fails to address the language from Rule 12(h)(2) that
> arguably limits a party to presenting those arguments in a pleading, a motion for
> judgment on the pleadings, or at trial. For that reason, we find the Seventh
> Circuit's approach problematic.

*Id.* Given the plain language of Rules 12(g)(2) and 12(h)(2), and the above quoted language from

*Albers*, the Court finds it unnecessary to weigh the parties competing policy arguments or to

consider whether it would have been better for Rule 12(h)(2) to list Rule 12(b)(6) as an exception

alongside Rule 12(c).  The plain language of Rule 12(h)(2) articulates limited exceptions to the

consolidation requirement for, among other things, the filing of Rule 12(c) motions. By its terms,

this exception does not extend to successive Rule 12(b)(6) motions.

Defendant further argues that the Court should consider its successive Rule 12(b)(6)

motion, despite the restrictions in Rule 12(g), because defense counsel filed the motion "subject

to a limited and special entry of appearance and, as a result, consolidation was not required."

ECF No. 37 at 2. Defendant does not cite any authority that would support this conclusion and

the Court finds that Defendant's decision to state that it was entering a "special and limited

appearance" when filing the first motion does not exempt it from the requirements of Rule 12.

Before Defendant Englander Transport can file any other Rule 12 motions asserting previously

available defenses, it must file an answer to Plaintiff's complaint.

**IT IS THEREFORE ORDERED THAT**:

1.  Defendant Englander Transport, Inc.'s Second Motion to Dismiss (ECF No. 29) is

    **DENIED**.

2. Per Rule 12(a)(4), Defendant Englander Transport, Inc.'s answer is due within two

   weeks from the entry of this memorandum opinion and order.


UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**