# EXHIBIT 3

## CONFIDENTIAL RELEASE IN FULL AND SETTLEMENT
## AGREEMENT WITH INDEMNITY PROVISIONS

This Confidential Release in Full and Settlement Agreement with Indemnity Provisions, (the "Settlement Agreement") is made between LEE HUNT, as Personal Representative of the Estate of Ronald Jay Posner, and CYNTHIA POSNER, as Sole Beneficiary of the Estate of Ronald Jay Posner and her heirs, assigns, executors, spouses and other lawful representatives ("RELEASORSS"), and ENGLANDER TRANSPORT, INC., a Virginia Corporation, LAWRENCE HAMM, SENTRY INSURANCE, CARROLL HUDSON, and FIRST MERCURY INSURANCE COMPANY and their respective insurers, re-insurers, contractors, subcontractors, vendors, suppliers, manufacturers, agents, officers, parent corporations, employees, former employees, directors, officers, servants, shareholders, members, owners, representatives, predecessors, successors, heirs, administrators, attorneys, and all other related persons, entities, subsidiaries, affiliates and associations, whether or not they are specifically named in this Release (hereinafter collectively referred to as "RELEASEES"). RELEASORS are the proper parties to release these claims in full. For purposes of this Settlement Agreement, RELEASORS and RELEASEES shall collectively be referred to herein as the "Parties."

It is understood by the Parties that nothing contained in this Settlement Agreement shall be considered or interpreted to be an admission of fault, neglect, liability or violation of any written agreement or law by the Parties, nor shall it be considered an admission by any Party of an inability to prove the allegations or defenses raised in the dispute described herein. Rather, the Parties are entering into this Settlement Agreement to resolve the existing dispute in the most effective and efficient manner for all involved.

The Parties agree that the terms of this Release and the settlement agreement are contractual and not a mere recital and that any dispute or determination as to the enforcement,

terms, or validity of any portion of this Release shall not affect the enforceability or validity of any remaining portion of this Release. The Parties agree that any dispute as to the enforcement, terms, or validity of this Release or the settlement of the lawsuit shall be submitted to the United States District Court for the District of New Mexico whereby a judge of said jurisdiction shall conduct any and all proceedings concerning the enforcement, terms, or validity of this Release and the settlement according to the laws of the State of New Mexico. The Parties agree that a copy of this Release shall be valid and enforceable as the original and that this Release may be executed in multiple counterparts. RELEASORS warrant they have consulted with an attorney of their choice regarding the contents of this Release and understand and agree to the terms and conditions of this settlement.

For and in consideration of an exchange for the general release, waiver of claims, indemnity provisions, and other promises in this Agreement, RELEASEES agree to pay the total sum of ▮▮▮▮▮▮▮▮▮▮▮▮ to RELEASORS ("the settlement sum"). The settlement sum shall be paid as follows:

- Payable by check to Heard Robins Cloud LLP in trust for Cynthia Posner in the amount of ▮▮▮▮▮▮▮▮▮▮▮▮.

RELEASORS will be responsible for all tax withholding and liability they may owe arising from the payment of the settlement sum to them. RELEASORS agree that RELEASEES have no obligation to pay any tax withholding or other taxes for RELEASORS or for their benefit arising from the payment of the settlement sum. RELEASORS acknowledge and agree that RELEASEES have not made any representations to them regarding the tax consequences of any amounts received by RELEASORS pursuant to this Settlement Agreement. RELEASORS

understand and acknowledge that RELEASEES must and will issue a Form 1099 when required by law. RELEASORS further agree that they are responsible for any taxes that they may owe as a result of the settlement sum being paid to them, and that he will pay, and not require RELEASEES to pay, any such taxes that may be due. This is a personal injury settlement pursuant to IRS Code 26 U.S.C. §§ 130(c) and 104(a)(2).

In exchange for the payment of the settlement sum set forth above, RELEASORS fully release and discharge RELEASEES from any and all causes of action, claims, and demands of whatsoever kind on account of all known or unknown losses, damages, personal injury, wrongful death, emotional injury, emotional distress, disability, lost wages or earnings, lost earning capacity, loss of consortium, loss of guidance and counseling, property damage, joint and several liability, punitive damages, statutory damages, interest, attorney's fees, expenses and costs allegedly sustained and claimed by RELEASORS as a result of, arising from, or in any way connected with issues raised, or that could have been raised, 1) as a result of the incident which allegedly occurred on or about August 25, 2012 ("the incident"), 2) as part of the filed lawsuit captioned *"Lee Hunt, as the personal representative of the Estate of Ronald Jay Posner, deceased, Plaintiff, v. Englander Transportation, Inc., a Virginia Corporation, and Lawrence Hamm, Defendants,* filed in the State of New Mexico, County of Santa Fe, in the First Judicial District Court, Case No. D-101-CV-2015-01926, and removed to the United States District Court for the District of New Mexico, Case No. 15-CV-960 SCY/WPL ("the lawsuit"), or 3) with the reporting, handling, payment or resolution of RELEASORS' claims for resulting damages, including *Hovet* claims ("the claim handling") or other claim handling claims. The money paid as part of this settlement represents compensation for all of RELEASORS' claims, including, but not limited to, funeral and burial expenses, pain and suffering, lost earning capacity, lost

household services, lost enjoyment of life and punitive damages. Plaintiffs understand that this is all the money they will receive as a result of this incident.

In further consideration of the settlement sum being paid to RELEASORS, RELEASORS agree to indemnify RELEASEES from any liens or claims for medical expenses, personal injuries, property damage, attorney's fees, subrogation, contribution, reimbursement or other claims being made by, through, or on behalf of RELEASORS, by RELEASORS' medical providers, any hospital, any insurer, experts, attorneys or any other persons or entities, for monetary sums, as a result of, arising from, or in any way connected with the incident, the lawsuit or the claim handling, including but not limited any and all liens from Medicare, Worker's Compensation, any other medical and/or attorney liens. RELEASORS further agree to defend and hold RELEASEES harmless from any such liens or claims. RELEASORS understand and agree that any liens, including but not limited to any and all medical and/or attorney liens, are their sole responsibility and that RELEASEES shall not be responsible for any reimbursement or payment to RELEASORS' providers or any other person or entity on behalf of RELEASORS.

RELEASORS affirmatively represent that none of the Ronald Jay Posner's expenses claimed as a result of this incident have been paid for by the U.S. government through Medicare, Medicaid, Indian Health Services, the military or other governmental entity, other than those addressed by the above payment to the Department of Veterans Affairs. RELEASORS also affirmatively represent that any injuries allegedly sustained in this incident have fully resolved and that no future medical treatment related to such alleged injuries is necessary. If such liens are later discovered, it shall be the sole responsibility of the RELEASORS to satisfy all liens of any type whatsoever. RELEASORS shall not seek reimbursement, subrogation or any sort of

recovery against RELEASEES for any payment(s) made for RELEASORS' benefit with regard to any liens.

RELEASORS stipulate that as a condition of this settlement that the RELEASEES are materially relying upon their assertion that none of Ronald Jay Posner's expenses claimed as a result of this incident have been paid for by the U.S. government through Medicare, Medicaid, Indian Health Services, the military or any other governmental entity, other than those addressed by the above payment to the Department of Veterans Affairs. RELEASORS agree that they have not knowingly or unknowingly misrepresented Ronald Jay Posner's Medicare/Medicaid benefit status. RELEASORS further stipulate that as a condition of this settlement that the RELEASEES are materially relying on their assertion that all injuries allegedly sustained in this incident have resolved and that no future medical treatment related to such alleged injuries is necessary. RELEASORS personally agree to indemnify and/or hold harmless the RELEASEES, for any recovery the Centers for Medicare and Medicaid Services or the Department of Veterans Affairs may pursue. RELEASORS agree to release, as part of this agreement, any right to bring any possible future action under §1395y of the Medicare Secondary Payer Statute (MSP) against the RELEASEES, or their administrators, agents and assigns.

The Parties mutually agree, as a condition of this Settlement Agreement, that they will not disclose in any way the terms of this Settlement Agreement, all negotiations leading up to the execution of this Settlement Agreement, and the dollar amount of the settlement sum. The Parties agree to keep and maintain these matters as confidential except: (a) as necessary to comply with an order of a court after taking appropriate measures to seek to maintain confidentiality as required by this Settlement Agreement; (b) to the Parties' accountants, attorneys, tax advisors or financial planners, who will all be informed of the confidential nature

of the information; or (c) as necessary to approve of or enforce this Settlement Agreement in a court of law after taking appropriate measures to seal the proceedings. The Parties understand that they will be in violation of this Settlement Agreement if they do not maintain confidentiality as required by this Settlement Agreement. If asked, the Parties may only say that the dispute has been amicably resolved. No monies were exchanged in support of this confidentiality agreement. The sole consideration in support of confidentiality is its mutuality.

RELEASORS further agree that they have not filed any other suits, administrative claims, any form of complaint or charges against the RELEASEES which remain pending as of the date of this Settlement Agreement, and that they will not file, or cause to be filed, any other lawsuits, charges, complaints, probate claims or administrative claims against the RELEASEES after they sign this Settlement Agreement, except only as may be necessary to enforce the terms of this Settlement Agreement. RELEASORS expressly assume the risk of any changes or interpretations of applicable law or the factual circumstances giving rise to the Settlement Agreement, and RELEASORS agree that they cannot and will not make any further claims against RELEASEES based upon the subject incident or any mistake of fact or law, changes in the law, or after-discovered facts.

The Parties understand and agree that the acceptance of this sum is in full accord and satisfaction of the disputed claims. It is expressly understood and agreed that this release and settlement agreement is intended to cover, and does cover, not only all now known losses or damages, but any future losses or damages which arise from, or are related to the incident, the lawsuit or the claim handling at issue, including, but not limited to, any claims for personal injury, wrongful death *Hovet* claims, bad faith claims, statutory claims, product liability claims, emotional distress, pain and suffering, loss of consortium, funeral and burial expenses, loss of

counseling and guidance, joint and several liability, property damage, loss of wages, medical expenses, expenses related to medical treatment, and household services.

This Settlement Agreement constitutes the entire agreement between the Parties hereto with respect to the subject matter hereof and merges and supersedes all prior discussions, correspondence, proposals, agreements and understandings. No modification, amendment or waiver of any provisions of this Settlement Agreement shall be effective unless approved in writing by both Parties. This Settlement Agreement shall be binding upon and inure to the benefit of the successors, heirs, executors, administrators and legal representatives of the respective Parties.

This Settlement Agreement may be executed in any number of counterparts, each of which so executed shall be deemed to be original, and such counterparts shall together constitute one and the same Settlement Agreement. Furthermore, a faxed or electronically scanned original signature page shall be deemed an original.

RELEASORS, having reviewed the above terms and conditions, and being in agreement thereto, do hereby execute this Settlement Agreement in the following manner:

## CAUTION: READ THIS RELEASE BEFORE SIGNING

I HAVE READ THE FOREGOING DOCUMENT IN ITS ENTIRETY AND HAVE HAD AMPLE OPPORTUNITY TO REVIEW IT WITH AN ATTORNEY OF MY CHOICE, AND I AGREE TO ABIDE BY AND HONOR ALL OF ITS PROVISIONS. THE CONSIDERATION I WILL RECEIVE ACCORDING TO THIS SETTLEMENT AGREEMENT SHALL REPRESENT COMPLETE COMPENSATION FOR ALL OF THE DAMAGES SOUGHT. I UNDERSTAND THAT THIS IS ALL OF THE MONEY I WILL RECEIVE AS A RESULT OF THIS INCIDENT.

STATE OF __NEW MEXICO__ )
)
COUNTY OF __SANTA FE__ )

_____
Lee Hunt, as Personal Representative of the Estate of Ronald Jay Posner

SUBSCRIBED AND SWORN TO before me this __29th__ day of __August__, 2016, by LEE HUNT, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF RONALD JAY POSNER.

_____
Notary Public

My Commission Expires: 09/23/2017

## CAUTION: READ THIS RELEASE BEFORE SIGNING

I HAVE READ THE FOREGOING DOCUMENT IN ITS ENTIRETY AND HAVE HAD AMPLE OPPORTUNITY TO REVIEW IT WITH AN ATTORNEY OF MY CHOICE, AND I AGREE TO ABIDE BY AND HONOR ALL OF ITS PROVISIONS. THE CONSIDERATION I WILL RECEIVE ACCORDING TO THIS SETTLEMENT AGREEMENT SHALL REPRESENT COMPLETE COMPENSATION FOR ALL OF THE DAMAGES SOUGHT. I UNDERSTAND THAT THIS IS ALL OF THE MONEY I WILL RECEIVE AS A RESULT OF THIS INCIDENT.

STATE OF South Carolina )
                        )
COUNTY OF Beaufort      )

_Cynthia Posner_ AUG 27, 2016
Cynthia Posner, as Sole Beneficiary of the Estate of Ronald Jay Posner

SUBSCRIBED AND SWORN TO before me this 27 day of August, 2016, by CYNTHIA POSNER, AS SOLE BENEFICIARY OF THE ESTATE OF RONALD JAY POSNER.

_Joseph C Ellison_
Notary Public

My Commission Expires:

12-31-2025

[Notary Seal: JOSEPH C ELLISON, NOTARY PUBLIC, SOUTH CAROLINA, COM. EXP. 12-31-2025]

APPROVED BY:

Attorneys for Plaintiffs/Releasors

*[signature]*

Tyler J. Atkins, Esquire
Bertrand R. Parnall
Parnall Law Firm, LLC
P.O. Box 8009
Albuquerque, NM 87198-8009
Phone: (505) 268-6500
Fax: (505) 268-8708
tyler@parnalllaw.com

*[signature]*

Justin R. Kaufman
Heard Robins Cloud, LLP
505 Cerrillos Rd., Ste. A209
Santa Fe, NM 87501
Phone: (505) 986-0600
jkaufman@heardrobins.com