IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEE HUNT, as personal representative
of the Estate of Ronald Jay Posner,

    Plaintiff,

v.                                                  No. Civ. 15-960 SCY/WPL

LAWRENCE HAMM, et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Unopposed Motion for Approval of Settlement and Distribution under the New Mexico Wrongful Death Act, filed November 7, 2016. ECF No. 68. The Court grants the motion in part by approving the settlement agreement entered into between the parties. The Court denies the motion, however, with respect to Plaintiff's request that the Court resolve a prospective dispute between alleged statutory beneficiaries regarding the distribution of the settlement proceeds under the New Mexico Wrongful Death Act. Because Plaintiff and Defendants have settled all claims raised in the amended complaint, this case will be dismissed with prejudice once the parties file notice that the settlement agreement has been executed.

### I. Background

Plaintiff Lee Hunt is the personal representative of the Estate of Ronald Jay Posner. *See* Amended Compl. at ¶ 2 (ECF No. 10). In this wrongful death action, Plaintiff asserts claims against Defendants based on a trucking accident that resulted in Mr. Posner's death. Specifically, Plaintiff has filed claims for (1) negligence and negligence per se; (2) negligent hiring, training,

supervision, and retention; (3) negligent entrustment; and (4) punitive damages. *Id.* at ¶¶ 9-43. The lawsuit was removed to this Court on the basis of diversity jurisdiction. ECF No. 1. On November 1, 2016, the parties notified the Court that they had mediated and settled all claims raised by Plaintiff against Defendants. ECF No. 65.

From the time of his appointment as personal representative of Mr. Posner's estate through the settlement proceedings, Plaintiff believed that Mr. Posner's daughter, Cindy Posner, was the sole statutory beneficiary to any proceeds recovered under the New Mexico Wrongful Death Act. *See* Pl.'s Mot. at 1 (ECF No. 68); *see also* ECF No. 68-1. Although it is not clear whether Cindy Posner participated in the mediation, both she and Plaintiff signed the settlement agreement and the necessary release(s). ECF No. 68-3. Shortly after the settlement was reached, Plaintiff was contacted by Linaya Hahn, who claimed to be the common law spouse of Mr. Posner and asserted that she was also a statutory beneficiary to any proceeds recovered in this case. Pl.'s Mot. at 2. Plaintiff then notified Cindy Posner of the potential conflict between alleged statutory beneficiaries and told Ms. Posner to secure her own counsel for the purpose of resolving a possible dispute regarding distribution of settlement proceeds. *Id.*

Next, Plaintiff filed the motion now at issue. He asks the Court to take two actions: (1) approve the settlement entered into between Plaintiff and Defendants in this case, and (2) "resolve the pending dispute between Cindy Posner and Linaya Hahn regarding the distribution of settlement proceeds under the New Mexico Wrongful Death Act." *See* Pl.'s Mot. at 3. Defendants did not file a response to Plaintiff's motion. On November 30, 2016, the Court held a hearing on the motion at which it specifically asked the parties to address whether the Court has jurisdiction to decide the latter issue.

**II. Analysis**

   *a. Approval of Settlement Agreement*

Plaintiff initially asks the Court to approve the settlement agreement that Plaintiff and Defendants have reached. As a general rule, a district court has the authority, while a case is pending before it, to approve settlement agreements reached by litigants. *See United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). However, if material facts regarding "the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Id.* The approval of a settlement agreement is a matter for the discretion of the district court. *Id.* at 1495. "Issues involving the formation, construction and enforceability of a settlement agreement are resolved by applying state contract law." *See United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000).

In this case, the parties are in agreement that the settlement agreement should be approved. The parties have not brought any factual issues or concerns related to the settlement agreement to the Court's attention, either in the briefing or at the November 30, 2016 hearing. Thus, because there is no dispute as to the existence or terms of the settlement agreement, the Court will accept the parties' representations and summarily approve the agreement. Although the Court approves the settlement agreement, the agreement is the product of a private mediation between the parties and the Court is thus unaware of its terms (aside from redacted portions attached to Plaintiff's motion). As such, the settlement agreement is not incorporated in this Order and the Court will not retain jurisdiction over the settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) ("mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of [the Court's] order.").

Based on the foregoing, Plaintiff's motion is granted in part to the extent Plaintiff seeks approval of the settlement agreement.

   b. *Distribution of Settlement Proceeds*

Plaintiff next asks the Court to resolve an alleged prospective dispute between Cindy Posner and Linaya Hahn regarding the distribution of the settlement proceeds. Pl.'s Mot. at 3. Specifically, Plaintiff requests that the Court determine the distribution of the settlement proceeds pursuant to the Wrongful Death Act, a determination that will necessarily require the Court to conduct evidentiary fact-finding regarding whether Ms. Posner or Ms. Hahn, or both, are statutory beneficiaries under the Act. Ms. Posner and Ms. Hahn, however, are not parties in this case and no claims were asserted in Plaintiff's complaint concerning the distribution of proceeds under the Act. Moreover, as stated above, the claims that were raised in this wrongful death action have now been fully resolved pursuant to the settlement agreement that is in place.

Although Plaintiff asks the Court to resolve this issue in his motion, he identified no procedural mechanism(s) by which the Court has jurisdiction to resolve a prospective dispute between two non-parties concerning the distribution of settlement proceeds. *See* Pl.'s Mot. at 3. Consequently, the Court asked the parties to address this issue at the hearing held on November 30, 2016. At the hearing, Plaintiff offered two avenues under which he argued the Court has jurisdiction to resolve the dispute between Ms. Posner and Ms. Hahn: (1) by exercising supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and (2) through the use of rule and/or statutory interpleader. *See* Fed. R. Civ. P. 22; *see also* 28 U.S.C. §§ 1335, 1397, 2361. Defendants, on the other hand, did not file a response to Plaintiff's motion and took no position at the hearing with respect to the distribution of settlement proceeds. Rather, Defendants explained that they have reached a settlement agreement with Plaintiff, in his capacity as the

personal representative of Mr. Posner's estate, and further, that once the settlement is approved and all claims against them are dismissed, Defendants have no interest in how the funds are distributed. After careful consideration of the parties' arguments at the hearing and a review of the relevant law, the Court concludes that neither of the 'jurisdictional hooks' advanced by Plaintiff – supplemental jurisdiction and interpleader – are proper at this end stage of the lawsuit.

Turning first to supplemental jurisdiction, a district court may exercise supplemental jurisdiction over additional claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "A claim is part of the same case or controversy if it derives from a common nucleus of operative fact." *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010) (internal quotation marks omitted). However, even where a common nucleus of operative facts exists, "[u]nder 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if the claim raises a novel or complex issue of state law, it substantially predominates the claim(s) over which the district court has original jurisdiction, the district court has dismissed all claims over which it has original jurisdiction, or there are other compelling reasons for declining jurisdiction." *Nielander v. Bd. of County Com'rs of County of Republic, Kan.*, 582 F.3d 1155, 1172 (10th Cir. 2009). "In deciding whether to exercise jurisdiction, the district court is to consider 'judicial economy, convenience, fairness, and comity.'" *Id.* (internal citation omitted). Ultimately, the exercise of supplemental jurisdiction "is not a matter of the litigants' right, but of judicial discretion," *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004).

The Court declines to exercise supplemental jurisdiction over the distribution of settlement proceeds for a number of reasons. First and foremost, the distribution of settlement proceeds and the related determination of Mr. Posner's statutory beneficiaries are issues of state

law that are entirely distinct from the facts and claims that were asserted in the underlying wrongful death/negligence action. There is no factual connection between the wrongful death action and the distribution of settlement proceeds aside from the fact that the prospective dispute between Ms. Posner and Ms. Hahn involves the settlement amount reached in the wrongful death action. The factual and legal determination of Ms. Hahn's purported rights to the settlement proceeds, for example, bears no connection to the facts alleged in Plaintiff's wrongful death complaint, which centered on Plaintiff's claims that Defendants' actions resulted in Mr. Posner's death. Thus, there is simply not a "common nucleus of operative facts" present here.

Even if the Court were to accept Plaintiff's argument that there is a common set of operative facts, the Court still finds that principles of fairness and judicial efficiency dictate against the exercise of supplemental jurisdiction. Most importantly, the wrongful death claims over which the Court has original jurisdiction have now been fully resolved. Although these claims have not yet been formally dismissed, there is no question that the settlement agreement resolved all claims brought against Defendants and that an order of dismissal would have issued as a matter of course, but for Plaintiff's request that the Court decide the matter of distribution of the settlement proceeds. Under these circumstances, it is appropriate for the Court to decline to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3) (providing that the court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction."). The Court also finds that exercising supplemental jurisdiction would be unfair to Defendants as it would require them to remain in this lawsuit for an indeterminate period of time solely to allow Plaintiff to take procedural steps to formally bring the issues concerning distribution of proceeds into this case.

Additionally, the Court notes that supplemental jurisdiction generally arises in the context of state claims that already exist in the lawsuit, i.e., those claims that were at some point pled by a party. In this case, Plaintiff has never pled claims regarding the distribution of settlement proceeds. Plaintiff, thus, is asking the Court to adjudicate a claim that does not yet exist. Likewise, the Court is not convinced that a wrongful death action and the subsequent determination of distribution of settlement proceeds are claims that would ordinarily be tried in the same proceeding under New Mexico law. *See Spencer v. Barber*, 2013-NMSC-010, ¶ 8, 299 P.3d 388 (stating that wrongful death actions "must be brought in the name of the personal representative of an estate" and that "[s]tatutory beneficiaries are generally not permitted to join as parties in a wrongful death lawsuit"); *see also Perry v. Williams*, 2003-NMCA-084, ¶¶ 2-3, 70 P.3d 1283 (where, after reaching a settlement in wrongful death action, mother subsequently filed a new action against the father, seeking a declaration that he was not entitled to share in the wrongful death proceeds).

Finally, exercise of supplemental jurisdiction would require the Court to decide an issue of Colorado law that could have implications beyond this case. Ms. Hahn apparently contends that she is entitled to settlement proceeds because she lived in Colorado with Mr. Posner where they were common law spouses. Thus, resolution of whether Ms. Hahn was Mr. Posner's common law spouse could have implications with regard to remaining Colorado probate matters that would not be resolved even if this Court were to exercise supplemental jurisdiction. While federal courts often decide issues of state law, they do so in conjunction with pending matters appropriately before the court as the result of diversity or federal question jurisdiction. No such pending matter exists in this case and, as a result, the Court deems it more appropriate that, if disbursement of the settlement proceeds turns on an interpretation of Colorado law, that

7

Colorado decide the issue. Based on the foregoing reasons, the Court declines to exercise supplemental jurisdiction over any prospective claims concerning distribution of the settlement proceeds.

The Court also finds that it is premature for Plaintiff to ask the Court to determine the distribution of settlement proceeds under the Wrongful Death Act through the use of rule or statutory interpleader. Both rule and statutory interpleader are procedural devices that require the the property at issue to be in the possession and control of the individual who is bringing the interpleader action. *See* 4 Moore's Federal Practice ¶ 22.02[1] (3d ed. 2008) (stating that interpleader is a procedural device which "enables a person or entity in possession of a tangible res or fund of money (the 'stakeholder') to join in a single suit two or more 'claimants' asserting mutually exclusive claims to that stake"); *see also In re Millennium Multiple Employer Welfare Ben. Plan*, 772 F.3d 634, 639 (10th Cir. 2014) (stating that statutory interpleader suits are "focused on adverse claims to a single, identifiable stake, or res, that is under the control of the interpleader plaintiff and can be delivered to the registry of the court"). As the Court understands it, Plaintiff does not yet have access and control of the wrongful death proceeds because the funds have been in Defendants' possession pending the Court's approval of the settlement agreement. The Court acknowledges that Plaintiff will receive the proceeds prior to dismissal of this action. Should Plaintiff decide to pursue interpleader at that time, he may do so in the manner that most interpleader suits generally arise – that is, by "initiating interpleader as an original action and joining the various claimants in the complaint." *See* 4 Moore's Federal Practice § 22.04[4] (3d ed. 2008). Because it is premature at this juncture to do so, the Court does not embark on an analysis of whether the jurisdictional and venue requirements of rule and

statutory interpleader would be met if Plaintiff decided to initiate a federal interpleader suit in this Court.

### III. Conclusion

Based on the foregoing, the Court grants Plaintiff's motion (ECF No. 68) in part and denies it in part. Having approved the settlement agreement, the parties are directed to complete any steps necessary to implement the agreement and to submit closing documents to the Court within thirty days of entry of this Order.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**